14-4349-cr
United States v. Lloyd

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fifteen.

PRESENT:  AMALYA L. KEARSE,
          REENA RAGGI,
          RICHARD C. WESLEY,
                    *Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,


            v.                                        No. 14-4349-cr


STEPHANIE LLOYD
                    *Defendant-Appellant*,

SHAROD WILLIAMS, AKA Sharod Brown, AKA Barry, TRAVIS WALKER, DARIUS LOWERY, AKA YD, TERRELL MADEN, AKA Ralo, RALPH JAMES, AKA Esco, LAURELL LEWIS, AKA TK, BRYAN KENNER,
                    *Defendants*.*
-----------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

1

APPEARING FOR APPELLANT:    ROBERT P. LARUSSO, LaRusso Conway & Bartling, Mineola, New York.

APPEARING FOR APPELLEE:    LARA TREINIS GATZ, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Central Islip, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 14, 2014, is AFFIRMED.

Defendant Stephanie Lloyd was convicted, after a jury trial, of conspiracy to rob the Wyandanch Post Office ("Post Office"), where she was then employed, see 18 U.S.C. § 371; aiding and abetting her confederates' robbery of that Post Office, see id. §§ 2114 and 2; and, on a Pinkerton theory, possessing a firearm during a crime of violence, see id. § 924(c). Lloyd now appeals from the denial of her motions for a judgment of acquittal pursuant to Fed. R. Crim. P. 29, and for a new trial pursuant to Fed. R. Crim. P. 33. See United States v. Lloyd, 947 F. Supp. 2d 259 (E.D.N.Y. 2013). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Rule 29 Motion

Lloyd asserts that she was entitled to Rule 29 relief because, even if the evidence was sufficient to prove her joinder in a conspiracy to rob the Wyandanch Post Office, the conspiracy she joined was to commit that robbery at Christmastime 2009, not the charged

conspiracy, which led to the robbery of the Post Office in October 2009. Without her knowing joinder in a conspiracy to rob the Post Office in October (rather than December), Lloyd maintains that her overt acts in providing security information to her then-boyfriend, Travis Walker, who organized and carried out the October robbery, could not be found to constitute knowing aiding and abetting of the robbery. Nor, Lloyd contends, could she be found to have foreseen the possession of firearms by the person committing the October robbery, as necessary for <u>Pinkerton</u> culpability.

On <u>de novo</u> review of these sufficiency challenges, we conclude, as the district court did, that they fail on the merits. <u>See</u> <u>United States v. Allen</u>, 788 F.3d 61, 63, 66 (2d Cir. 2015) (observing that, on <u>de novo</u> review of sufficiency challenge, court must view evidence in light most favorable to government, drawing all permissible inferences in its favor, and deferring to jury's assessments of witnesses' credibility).

a.  <u>Separate Conspiracies</u>

Lloyd insists the evidence showed that she agreed to rob the Post Office only at Christmastime because that was when proceeds would be greatest. She further maintains that she did not agree to a robbery that would take place when she was not at work—as happened here—because she wished to claim injury from the robbery, allowing her to file a workers' compensation claim. The argument fails to show that no rational jury could have found the single charged conspiracy and Lloyd's membership in it proved beyond a reasonable doubt. <u>See</u> <u>United States v. Anderson</u>, 747 F.3d 51, 59 (2d Cir. 2014). It is well established that members of a conspiracy need not have agreed on all details of the conspiracy, so long as they agreed on "'the essential nature of the plan.'"

3

United States v. Geibel, 369 F.3d 682, 689 (2d Cir. 2004) (quoting United States v. McDermott, 245 F.3d 133, 137 (2d Cir. 2001)).  The "essential nature" of the charged conspiracy was to rob the Wyandanch Post Office.  The evidence showed that Lloyd herself conceived the scheme and proposed it to her boyfriend, who then recruited confederates to help him carry it out.  To facilitate the scheme, Lloyd provided security information about the Post Office.  Meanwhile, her boyfriend told Lloyd that the cousin whom he had recruited for the robbery would be armed, so that the crime could be carried out "at armed gunpoint."  A. 99.  This was sufficient proof of a common scheme, with mutual dependence and assistance, to allow the jury to find Lloyd guilty of the single charged conspiracy.

Nor is a different conclusion compelled by evidence that Lloyd proposed for the robbery to occur at Christmastime while she was at work, and that she was angry when she learned it happened in October.  Her acceptance of a share of the proceeds of the October robbery easily allowed a reasonable jury to conclude that her timing and presence preferences were not essential to the nature of the robbery plan.  Accordingly, we reject Lloyd's sufficiency challenge to her conspiracy conviction.

b.      Substantive Robbery and Firearm Possession

The same reasoning defeats Lloyd's challenge to her conviction for aiding and abetting the October robbery.  On this theory of culpability, the government must prove the defendant's knowledge of the substantive crime, and action taken by the defendant with the intent to contribute to the crime's success.  See United States v. Reifler, 446 F.3d 65, 96 (2d Cir. 2006).  To carry this burden, the government need not prove the

4

defendant's knowledge of all details of the crime, "so long as the evidence shows that he joined the venture, [that he] shared in it, and that his efforts contributed towards its success." Id. (internal citation and quotation marks omitted). The trial evidence satisfied this standard. Lloyd's knowledge and intent to rob the Wyandanch Post Office is evident from the fact that she conceived the crime and solicited her boyfriend to commit it. By providing information about the security and internal operations of the Post Office—information critical to success of the robbery—Lloyd took action manifesting her intent for the crime to succeed. The fact that her confederates committed the robbery at a time and under circumstances other than those proposed by Lloyd did not preclude a reasonable jury from finding her liable for aiding and abetting the substantive crime, particularly given her acceptance of a share of the proceeds.

As for Lloyd's conviction for firearm possession during the robbery, Pinkerton v. United States, 328 U.S. 640 (1946), establishes that "a defendant who does not directly commit a substantive offense may nevertheless be liable if the commission of the offense by a co-conspirator in furtherance of the conspiracy was reasonably foreseeable to the defendant as a consequence of their criminal agreement." United States v. Parkes, 497 F.3d 220, 232 (2d Cir. 2007) (internal quotation marks omitted). Here, the reasonable foreseeability to Lloyd that one of her coconspirators would be armed with a gun during the robbery was proved by her boyfriend's testimony that he specifically told Lloyd of the plan for his cousin to carry a firearm and for the Post Office to be robbed at gunpoint. Lloyd's contention that no reasonable jury could have found her to have foreseen firearm

5

possession on October 30, 2009, because she agreed only to a robbery at Christmastime, simply reasserts a point that we have already resolved against her.

Accordingly, the court correctly denied Lloyd's Rule 29 motion for a judgment of acquittal notwithstanding the jury's guilty verdict.

2.    Rule 33 Motion

Lloyd argues that the district court nevertheless erred in denying her motion for a new trial based on the government's misleading presentation of Walker's testimony and defects in the jury charge.

We review the denial of a new trial motion for abuse of discretion, United States v. Cacace, 796 F.3d 176, 191 (2d Cir. 2015), mindful that while such motions are properly granted "if the interest of justice so requires," Fed. R. Crim. P. 33(a), that conclusion is warranted "only in extraordinary circumstances," United States v. McCourty, 562 F.3d 458, 475 (2d Cir. 2009) (internal quotation marks omitted), for example, when the reviewing court "harbor[s] a real concern that an innocent person may have been convicted," United States v. Lin Guang, 511 F.3d 110, 119 (2d Cir. 2007). Lloyd fails to satisfy that standard.    See United States v. McCourty, 562 F.3d at 475 (imposing burden on defendant moving for Rule 33 relief).

a.    Government Misconduct

Lloyd asserts that the government inappropriately enhanced Walker's credibility by withholding a cooperation agreement so as to make it appear to the jury that no promises had been made to him in return for his testimony when the government knew that it would in fact file a motion for sentencing leniency pursuant to 18 U.S.C.

6

§ 3553(e). The argument lacks support in the record. Walker explicitly testified that the government made no promise to file a § 3553(e) motion, but that he was testifying in the hope that, "by telling the truth," he could "get some leniency on [his] sentencing." G.A. 27, 28. This allowed the jury to understand the self-interest informing the witness's testimony and to assess his credibility in light thereof.

Thus, the district court did not abuse its discretion in finding that the government's conduct did not lead to injustice or raise a real concern that an innocent person had been convicted.

b.    Jury Instructions

We review Lloyd's jury instruction challenges de novo, but we will reverse only if the charge, "taken as a whole, caused [the] defendant prejudice." United States v. Applins, 637 F.3d 59, 72 (2d Cir. 2011) (internal quotation marks omitted). We discern none.

(1)    Cooperating Witness Charge

Lloyd submits that the district court erred in refusing to instruct the jury to evaluate Walker's testimony as that of a cooperating witness. This claim merits little discussion because even if Walker should have been denominated a cooperating witness, the district court's charge sufficiently informed the jury of the need to scrutinize his testimony carefully to avoid any prejudice to Lloyd.[1]    See United States v. Vaughn, 430

---

[1] The court charged the jury as follows:

> [A]s to Travis Walker, I instruct you that a witness who is hoping to receive a lighter sentence by giving testimony

7

F.3d 518, 523–24 (2d Cir. 2005) (Sotomayor, J.) (rejecting challenge to charge that "fairly put the issue of [the witness]'s possible motivations to the jury for its consideration," and stating that district court "need not over-emphasize the obvious"). Indeed, the challenged instruction effectively tracked the model interested witness charge, but without language (favorable to the government) explaining that "[t]his is not to suggest that every witness who has an interest in the outcome of a case will testify falsely."   See 1-7 Modern Federal Jury Instructions – Criminal, Instruction 7-3.

(2)     *Pinkerton* Liability

Lloyd also maintains that the court erred in failing to charge the jury that to convict her of weapon possession on a Pinkerton theory, the government had to prove that such possession fell "within the scope of the unlawful project," Pinkerton v. United States, 328 U.S. at 647–48.   The argument fails because the point made in the quoted language from Pinkerton was adequately conveyed to the jury by the instruction that it could not convict Lloyd on this theory unless it found that the charged possession "was committed pursuant to a common plan and understanding" among the conspirators that included Lloyd, and that Lloyd could "have reasonably foreseen that the substantive crime [of firearm possession] might be committed by her coconspirators."   A. 130. This language finds approval in our prior decisions.   See, e.g., United States v. Salameh,

---

favorable to the prosecution may have a motive to testify favorably to the Government.   Therefore, you must scrutinize his testimony with some caution.

A. 128.

8

152 F.3d 88, 149 (2d Cir. 1998) (citing <u>United States v. Miley</u>, 513 F.2d 1191, 1208 (2d Cir. 1975) (Friendly, J.)).[2]

Lloyd further asserts the district court was required to instruct the jury that, in evaluating her responsibility for the conduct of coconspirators, it should focus on the agreement "as the defendant understood it." Def.'s Br. at 27, 28. Lloyd cites no authority for this unrequested charge. Insofar as it suggests that Lloyd could not be convicted of substantive crimes on a <u>Pinkerton</u> theory unless she joined in the <u>charged</u> robbery conspiracy, and not in some other robbery conspiracy, we have already explained why the evidence sufficiently supports that jury finding. Thus, Lloyd has not demonstrated that any charging omission caused her prejudice. <u>See</u> Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

Consequently, the district court acted well within its discretion in denying Lloyd's Rule 33 motion for a new trial.

3.    <u>Conclusion</u>

We have considered Lloyd's remaining arguments, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Accordingly, we need not address the government's argument for more stringent review of challenges raised for the first time in a Rule 33 motion.

9